IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01971-GPG

TODD BRIAN SHARON,

    Applicant,

v.

RICK RAEMISCH, Executive Director of CDOC,
JASON LENGERICH, Warden, Buena Vista Correctional Facility, and
CYNTHIA COFFMAN, Colorado Attorney General,

    Respondents.

## ORDER

Before the Court is Applicant Todd Brian Sharon's Motion for Stay of Proceedings (ECF No. 30, April 12, 2016).   For the reasons stated below, the Court DENIES the Motion.

Applicant is a prisoner in the custody of the Colorado Department of Corrections. He filed *pro se* an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.   (ECF No. 17).   He challenges the validity of his conviction in Adams County District Court in Brighton, Colorado, case number 2006CR3368.   (*Id.*).   He alleges fourteen claims in support of his request for remand for a new trial.   (*Id.*).

Respondents filed a Pre-Answer Response.   (ECF No. 24).   Respondents argue that claims one, five, six, and eight are not cognizable federal habeas claims.   (*Id.*). They assert that claims seven, nine, eleven, twelve, thirteen, and fourteen are defaulted, and claim ten is partially unexhausted and partially defaulted.   (*Id.*).   They state claims

1

two, three, and four appear to be exhausted.  (*Id.*).  Respondents include eight exhibits in support of the Pre-Answer Response.  (*Id.*).

Applicant requested two extensions of time to submit a reply to the Pre-Answer Response, which were granted.  (ECF Nos. 25, 27, 28, 29).  Applicant then filed the instant Motion for Stay of Proceedings.  (ECF No. 30).  The Court must construe the Motion liberally because Applicant is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.

In the Motion for Stay of Proceedings, Applicant alleges "there may be unresolved issues pertaining to discovery violations . . . centered upon the mishandling of physical evidence," which relate to claim five in the Amended Application.  (ECF No. 30 at 1).  Applicant challenges the "chain of custody" of physical evidence.  (*Id.* at 2).  He attaches documents to the Motion that he alleges show he would have been found not guilty at trial.  (*Id.*).  He also makes conclusory allegations of prosecutorial misconduct in relation to the use of "tainted evidence because of the break in the chain of custody."  (*Id.*).  He requests "a stay in this matter."  (*Id.* at 3).

Applicant's request for a stay is conclusory and vague.  He does not explain why a stay is needed or justified, a time frame for a stay, or what a stay, if granted, would accomplish in this action.  He provides over twenty pages of documents as a "supplement" to the Motion, but fails to explain what the documents show or how they support imposition of a stay.  (*See* ECF Nos. 30, 31).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

To the extent the Motion can be construed as seeking a stay of proceedings while Applicant exhausts state remedies in relation to claim five, such relief is unwarranted. A district court has discretion to grant a stay and abeyance when an applicant has failed to exhaust state remedies for a particular claim. *See Rhines v. Weber*, 544 U.S. 269 (2005). However, "stay and abeyance should be available only in limited circumstances." *Id.* at 277. A motion for a stay may be granted only if: (1) the applicant has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) there is no indication that the applicant has engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

Applicant fails to establish the first two requirements needed for a stay of proceedings. Applicant has not articulated good cause for a stay in relation to claim five. Further, claim five likely does not bear merit. In this claim, Applicant argues his due process rights were violated by the Colorado Court of Appeals' declination to remand for an evidentiary hearing his allegations that the prosecution failed to turn over evidence. (ECF No. 17 at 10). Applicant alleges that had the evidence in question been provided, it would have proven that the arresting officers conspired to illegally arrest him. (*Id.* at 11). Respondents contend this claim does not state a cognizable federal habeas claim, because it focuses only on post-conviction proceedings. (ECF No. 24 at 6). Respondents further assert that, in any event, claim five is defaulted. (*Id.* at 6 n.2).

Claim five, which concerns an alleged denial of due process by not receiving an evidentiary hearing on remand, is not a cognizable claim in this habeas corpus action because there is no federal constitutional right to post-conviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Thus, claim five is not meritorious as alleged. Applicant fails to meet the first two requirements for imposition of a stay to allow exhaustion of state remedies.

Accordingly, it is

ORDERED that the Motion for Stay of Proceedings (ECF No. 30) is **DENIED**. It is

FURTHER ORDERED that Applicant shall have **twenty-one (21) days from the date of this order** to file a Reply to the Pre-Answer Response (ECF No. 24). No further extensions will be granted without just cause.

DATED May 1, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge